UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN COMAS, individually and on behalf of all others similarly-situated<br><br>Plaintiff,<br><br>v.<br><br>AUTORAMA ENTERPRISES OF BRONX INC.,<br><br>Defendant. | Docket No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kevin Comas ("Plaintiff"), by and through his attorneys at Filosa Graff LLP, as and for his Complaint in this action against Defendant Autorama Enterprises of Bronx Inc. ("Autorama," the "Company," or "Defendant") alleges upon personal knowledge and upon information and belief as to other matters as follows:

## NATURE OF THE CLAIMS

1. This is a collective action brought by Plaintiff on his own behalf and on behalf of the proposed classes identified below against Defendant, a tow truck company operating in Bronx County, New York.

2. Plaintiff and the members of the proposed classes were or are employed by Defendant as drivers but were not paid applicable overtime compensation when they worked in excess of forty (40) hours in a given workweek.

3. Plaintiff brings this collective and class action to recover (i) overtime compensation that Defendant failed to pay Plaintiff and the members of the proposed classes pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL") and (ii) damages related to Defendant's failure to provide Plaintiff and the

members of the proposed New York Labor Law class with accurate wage statements and notices required by NYLL § 195.

4. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendant as a tow truck driver and were not paid appropriate overtime compensation from three years prior to this action's filing date through the date of the final disposition of this action (hereinafter referred to as the "FLSA Class," with the time period referred to as the "FLSA Class Period"). Plaintiff seeks relief for the FLSA Class to remedy Defendant's failure to pay appropriate overtime compensation and/or other wages due for the FLSA Class Period, in addition to liquidated damages and injunctive relief.

5. Plaintiff seek to represent a class made up of all persons who are or have been employed by Defendant as tow truck drivers and were not paid applicable overtime compensation, from six years prior to this action's filing date through the date of the final disposition of this action (hereinafter referred to as the "New York Class," with the time period referred to as the "New York Class Period"). Plaintiff seeks relief for the New York Class under the New York Labor Law ("NYLL") to remedy Defendant's failure to pay appropriate overtime compensation and other wages due for the New York Class Period, in addition to liquidated damages and injunctive relief.

6. Plaintiff also seeks relief for the New York Class related to Defendant's failure to issue pay notices required by New York Labor Law § 195(1) and wage statements required by New York Labor Law § 195(3).

7. Plaintiff seeks relief on behalf of the New York Class pursuant to the applicable provisions of the NYLL, and on behalf of the FLSA Class pursuant to the FLSA, to remedy Defendant's failure to pay all wages due and in addition to injunctive relief.

8. This action also seeks declaratory, injunctive, and equitable relief to address Defendant's violations of the FLSA and NYLL.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's and the New York Class's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

## THE PARTIES

11. Plaintiff Kevin Comas is a resident of Westchester County, New York. Mr. Comas was employed by Defendant as a tow truck drive from late 2011 through November 2016. At all times, Plaintiff met the definition of an "employee" under all applicable statutes.

12. Defendant Autorama Enterprises of Bronx, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 2480 Butler Place, Bronx, NY 10461. At all relevant times, Defendant Autorama Enterprises of Bronx, Inc. was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff bring this action on behalf of himself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Class:** All persons who are or have been employed by Defendant as a tow truck driver within three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendant's unlawful practice of failing to pay applicable overtime compensation to tow truck drivers for all hours worked in excess of 40 hours per workweek.

14. Defendant employed Plaintiff and the members of the FLSA Class during the FLSA Class Period as tow truck drivers.

15. During the FLSA Class Period, upon information and belief, Defendant employed more than 50 employees who fall within the FLSA Class.

16. Defendant meet the definition of an "employer" under the FLSA. By way of example only, Defendant controlled how much the FLSA Class members are/were paid, maintained all time and pay records for the FLSA Class members, assigned and supervised all of the tasks given to the FLSA Class members, and maintained and exercised control as to how the FLSA Class members were to perform their tasks. Defendant also classified Plaintiff and the members of the FLSA Class as employees and paid them wages that were reported on an IRS Form W-2.

17. Each of the FLSA Class members are or were "employees" entitled to overtime compensation for all hours worked in excess of 40 hours per workweek. However, Defendant failed to pay Plaintiff and the members of the FLSA Class applicable overtime compensation when they worked in excess of forty (40) hours in a given workweek.

18. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the members of the FLSA Class.

19. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the members of the FLSA Class and, as such, notice should be sent to the FLSA Class. There are potentially dozens of similarly situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join

in the present lawsuit. Those similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## **CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendant as a tow truck driver within six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendant's unlawful practice of (i) failing to pay applicable overtime compensation to tow truck drivers for all hours worked in excess of 40 hours per workweek, (ii) failing to furnish pay notices as required NYLL **§** 195(1), and (iii) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL **§** 195(3).

21. At all times during the New York Class Period, Defendant, as a matter of policy, (i) did not pay Plaintiff or the members of the New York Class applicable overtime premium pay for all hours worked in excess of 40 hours per workweek, (ii) failed to furnish pay notices to Plaintiff or the members of the New York Class the pay notice required by NYLL § 195(1), and (iii) failed to furnish correct and accurate wage statements to Plaintiff or the members of the New York Class as required by the NYLL 195(3).

22. The facts as alleged in Paragraphs 13-19 with respect to the FLSA Class are similarly true for the New York Class during the New York Class Period.

23. <u>Numerosity</u>: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the New York Class Period, Defendant employed more than 100 individuals who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

24. <u>Typicality</u>: Plaintiff's claims are typical of the members of the proposed New York Class. During the New York Class Period, Defendant subjected Plaintiff and the members

of the New York Class to the same policy and practice of failing to pay them applicable overtime premium compensation when they worked in excess of forty (40) hours in a given workweek. Plaintiff had the same or similar duties and responsibilities as other New York Class members.

25. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

27. <u>Commonality</u>: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendant violated the NYLL as alleged herein;

    b. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

    c. Whether Defendant employed Plaintiff and the New York Class within the meaning of New York law;

    d. Whether Defendant should be enjoined from continuing the practices that violate the NYLL;

    e. What the proper measure of damages sustained by the New York Class are; and

    f. Whether Defendant's actions were "willful."

28. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent

or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

29. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

30. Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendant.

## FACTUAL ALLEGATIONS

**Plaintiff's Employment With Defendant**

31. As outlined above, Plaintiff was employed by Defendant as a tow truck driver from on or around late 2011 through November 2016.

32. During this time period, Defendant laid Plaintiff off from his employment three or four times, but always re-hired Plaintiff a few weeks later.

33. During the course of his employment with Defendant, Plaintiff and members of the FLSA Class and New York Class worked 12-hour shifts, either from 7:00 a.m. to 7:00 p.m. or 7:00 p.m. to 7:00 a.m.

34. During the course of his employment with Defendant, Plaintiff typically worked six (6) days per week, for a total of 72 hours, however Defendant only paid Plaintiff for 60 hours of work per week.

35. Defendant failed to pay Plaintiff any compensation for the hours that he worked in excess of 60 in a given workweek.

36. Defendant issued Plaintiff a wage statement with each pay check, however, this pay stub failed to accurately record the number of hours that Plaintiff worked.

**Failure to Pay Overtime Compensation to the FLSA Class and New York Class**

37. During the FLSA Class Period and New York Class Period, in addition to paying members of the FLSA Class and New York Class a daily pay rate (as Defendant promised Plaintiff it would), an hourly rate (as Defendant actually paid Plaintiff), Defendant also paid some members of the FLSA Class and/or New York Class a commission rate (of either 15% or 20% depending on whether the customer paid in cash or by credit card).

38. For those employees paid on an hourly basis (like Plaintiff), upon information and belief, the Company failed to pay these employees for all hours that they worked, including overtime compensation for hours worked in excess of forty (40) hours in a given workweek.

39. For those employees paid a daily rate, the Company failed to pay these employees any overtime premium when they worked in excess of forty (40) hours in a given workweek; instead, the Company only paid these employees a daily rate of pay for each day that they worked.

40. For those employees paid on a commission basis, the Company failed to pay these employees any overtime premium compensation when they worked in excess of forty (40) hours in a given workweek; instead, the Company only paid these employees a commission of 15% to 20%, depending on whether the customer paid via credit card or in cash.

41. Regardless of the manner in which Defendant compensated Plaintiff and the members of the FLSA Class and New York Class, Defendant failed to pay them appropriate overtime compensation.

**The Company's Failure to Issue Required Pay Notices and Wage Statements**

42. At no time during the five years that Plaintiff worked for Defendant, did the Company issue Plaintiff a pay notice containing the information required by NYLL § 195(1).

43. Upon information and belief, Defendant failed to furnish the members of the New York Class with a pay notice containing the information required by NYLL § 195(1).

44. During the course of his employment with Defendant, the Company failed to issue Plaintiff with wage statements that accurately reflected the regular and overtime hours that he worked in a given workweek, as required by NYLL § 195(3),

45. Upon information and belief, the wage statements that the Company issued to employees paid on an hourly basis or daily rate did not accurately reflect the regular and overtime hours that these employees worked.

46. Upon and information and belief, the wage statements that the Company issued to employees paid on a commission basis did not include such employee's commission rate or how the Company calculated such employee's commissions, as required by NYLL § 195(3).

## FIRST CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. During the relevant time period, Plaintiff and the members of the FLSA Class worked in excess of forty hours per workweek and, because of Defendant's above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

49. Despite the hours worked by Plaintiff and the members of the FLSA Class, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff and the members of the FLSA Class appropriate overtime compensation.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

51. Plaintiff and the members of the FLSA Class seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

52. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

53. During the relevant time period, Plaintiff and the members of the New York Class worked in excess of forty hours per workweek and, because of Defendant's above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

54. Despite the hours worked by Plaintiff and the members of the New York Class, Defendant willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

55. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

56. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

### THIRD CAUSE OF ACTION
**(NYLL: Failure to Issue Pay Notice)**

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

58. Defendant failed to furnish Plaintiff and the members of the New York Class with the pay notice required by NYLL **§** 195(1).

59. Defendant's violation of the NYLL was willful and, as a result, Defendant are liable to Plaintiff and the members of the New York Class in the amount of $50 for each day that the violations occurred or continued to occur, up to $5,000.

60. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

///

///

///

## FOURTH CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Statements)**

61. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

62. Defendant failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL **§** 195(3).

63. Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and the members of the New York Class in the amount of $250 for each day that the violations occurred or continued to occur, up to $5,000.

64. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Class and New York Class, pray for the following relief:

A. That the Court finds Defendant to have violated the provisions of the New York Labor Law as to Plaintiff and the members of the New York Class;

B. That the Court finds Defendant to have violated the Fair Labor Standards Act as to Plaintiff and the members of the FLSA Class;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D.  That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

E.  That the Court determine that Defendant's violations were willful;

F.  An award to Plaintiff and the members of the FLSA Class and New York Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

G.  An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

H.  An award of liquidated damages pursuant to the NYLL;

I.  That Court find that Defendant must cease and desist from unlawful activities in violation of the FLSA and NYLL;

J.  An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and/or

K.  Any such other and further relief, in law or equity, as this Court may deem appropriate and just.

///

///

///

///

///

///

///

///

///

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 1, 2018
New York, NY

Respectfully submitted,

FILOSA GRAFF LLP

By: _____
Gregory N. Filosa (GF-3862)
Ariel Y. Graff (AG-8039)

111 John Street, Suite 2510
New York, NY 10038
Tel.:   (212) 256-1780
Fax.:   (212) 256-1781
gfilosa@filosagraff.com
agraff@filosagraff.com

*COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*