UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN COMAS, individually and on behalf of all others similarly-situated<br><br>Plaintiff,<br><br>v.<br><br>AUTORAMA ENTERPRISES OF BRONX INC.,<br><br>Defendant. | 18-CV-03892 (RJS)(BCM)<br><br>**AFFIDAVIT OF ATTORNEY ARIEL Y. GRAFF IN SUPPORT OF DEFAULT JUDGMENT** |

ARIEL Y. GRAFF, an attorney admitted to practice before this Court, hereby declares and states under penalty of perjury, that:

1. I am a member of the bar of this Court and a member of Filosa Graff LLP, counsel for Plaintiff Kevin Comas ("Plaintiff") in the above-captioned matter against Autorama Enterprises of Bronx Inc. ("Defendant").

2. I am one of the attorneys responsible for the prosecution of Plaintiff's claims in this matter and I make these statements based on my own personal knowledge and review of relevant files and documents and would so testify if called as a witness as trial.

### I. NATURE OF THE CLAIMS, JURISDICTION AND VENUE

3. The Complaint in this action was filed on May 1, 2018 (see ECF# 1).

4. This action arises out of Plaintiff's employment as a tow truck driver with Defendant and includes claims for: (i) Defendant's failure to pay Plaintiff overtime compensation in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law ("NYLL"); and (ii) Defendant's failure to provide Plaintiff with accurate wage statements and notices required by NYLL § 195.

1

5.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over the Defendant because the Defendant is a New York Domestic Business Corporation with a principal place of business located within this district.

7.      Venue is proper in the district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

**II.     SERVICE OF THE SUMMONS AND COMPLAINT**

8.      Plaintiff served copies of the Summons, Civil Cover Sheet, Complaint, the Individual Rules of this Court, the Individual Rules of Magistrate Judge Moses, as well as the ECF Rules of this District, upon Defendant on June 7, 2018, at the Albany office of the Secretary of State of the State of New York, pursuant to Section 306 of the New York Business Corporation Law.

9.      An affidavit of service upon Defendant was filed with the Court on June 27, 2018 (see ECF #6).

10.     Defendant's Answer was due on June 28, 2018.

11.     To date, Defendant has not answered or otherwise moved with respect to the Complaint, and the time for Defendant to answer or otherwise move has not been extended.

12.     Upon Plaintiff's request, the Clerk of Court issued a certificate of Defendant's default on July 31, 2018.

13.     As a result, Plaintiff now moves for the entry of a default judgment against Defendant.

## III. PLAINTIFF'S PROPOSED DAMAGES, ATTORNEYS' FEES AND COSTS

### A. An Inquest Hearing is Unnecessary

14. In light of the well-plead allegations in the Complaint – as amplified and supplemented by the *Declaration of Plaintiff Kevin Comas in Support of Damages on Default Judgment*, dated July 30, 2018 and attached hereto as Exhibit 1 (hereinafter, the "Comas Affidavit") – Plaintiff respectfully submits that an inquest hearing is unnecessary.

15. Rather, the inquest into damages may be held on the basis of documentary evidence or affidavits alone "as long as [the Court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency. Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1998); *see also*, *e.g.*, *Suggs v. Crosslands Transp., Inc.*, No. CV 13-6731 (ARR)(MDG), 2015 U.S. Dist. LEXIS 39629, at *15 (E.D.N.Y. Mar. 4, 2015) (awarding default judgment damages without an inquest hearing based on plaintiff affidavit containing information as to rates of pay and estimates of hours worked based on plaintiff's recollection); *Maldonado v. Bistro 1285 Inc.*, 2013 U.S. Dist. LEXIS 70815, at *2 n.2 (S.D.N.Y. May 13, 2013) (same).

### B. Overtime Claims Under the FLSA and NYLL

16. The Comas Affidavit sets forth Plaintiff's rates of pay and estimates of the unpaid overtime hours worked during the course of his employment with Defendant (*see generally* Ex. 1 [Comas Aff.]).

17. From May 1, 2012 — the beginning of the six-year statute of limitations under the NYLL — through December 31, 2012, Plaintiff's overtime rate of pay was $10.87 per hour (*id.* ¶ 6). During this period, Plaintiff worked 12 unpaid overtime hours per week during 20 separate

3

weeks (*id.* ¶ 7). Multiplying the number of unpaid overtime hours and Plaintiff's overtime rate of pay demonstrates an underpayment of $2,608.80 during this period.

18. From January 1, 2013 through December 31, 2013, Plaintiff's overtime rate of pay was also $10.87 per hour (*id.* ¶ 8). During this period, Plaintiff worked 12 unpaid overtime hours per week during nine separate weeks (*id.* ¶ 9). Multiplying the number of unpaid overtime hours and Plaintiff's overtime rate of pay demonstrates an underpayment of $1,173.96 during this period.

19. From January 1, 2014 through December 31, 2014, Plaintiff's overtime rate of pay was also $12.00 per hour (*id.* ¶ 10). During this period, Plaintiff worked 12 unpaid overtime hours per week during 25 separate weeks (*id.* ¶ 11). Multiplying the number of unpaid overtime hours and Plaintiff's overtime rate of pay demonstrates an underpayment of $3,600.00 during this period.

20. From January 1, 2015 through December 31, 2015, Plaintiff's overtime rate of pay was also $12.00 per hour (*id.* ¶ 12). During this period, Plaintiff worked 12 unpaid overtime hours per week during 43 separate weeks (*id.* ¶ 13). Multiplying the number of unpaid overtime hours and Plaintiff's overtime rate of pay demonstrates an underpayment of $6,768.92 during this period.

21. In addition to the unpaid overtime damages set forth above (i.e., $14,152.68), Plaintiff is also entitled to an equal amount as liquidated damages under the FLSA, pursuant to 29 U.S.C. § 260, during the FLSA three-year limitations period (i.e., May 1, 2015 to May 1, 2018), as well as liquidated damages in an equal amount during the three years of the NYLL six-year limitations period that precede the FLSA period (i.e. May 1, 2012 to April 30, 2015),

pursuant to NYLL § 198(3). Thus, Plaintiff is entitled to liquidated damages in the total amount of $14,152.68.

### C. NYLL Pay Notice and Wage Statement Claims

22. Defendant did not furnish Plaintiff with a pay notice in compliance with NYLL § 195(1) during his employment (*see* Ex. 1 [Comas Aff.] ¶ 16). Defendant is therefore liable to Plaintiff in the maximum penalty amount of $5,000.00 pursuant to NYLL § 195(1).

23. Defendant similarly failed to furnish Plaintiff with accurate wage statements in compliance with NYLL § 195(3) over the course of more than 90 weeks of his employment with Defendant (*id.* ¶ 17). Defendant is therefore liable to Plaintiff in the maximum penalty amount of $5,000.00 pursuant to NYLL § 195(3).

### D. Prejudgment Interest Under NYLL

24. Plaintiff is also entitled to recover interest at the CPLR rate of 9% per year as to the unpaid wages in the amount of $9,586.92 that accrued during the NYLL period (from May 1, 2012 to April 30, 2015), prior to the start of the FLSA period (on May 1, 2015). *See Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

25. As reflected in the damages calculation chart attached hereto as Exhibit 2, such interest amounts to $4,096.62.

### E. Attorneys' Fees and Costs

26. In addition to the above-outlined damages, Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to the FLSA and NYLL.

27. Attached hereto as Exhibit 3 is an invoice comprising contemporaneous detailed time records associated with this matter organized by attorney, as well as an itemization of the costs incurred in this litigation.

28. Specifically, as reflected in Exhibit 3, Plaintiff seeks a fee award at the rate of $350 per hour for a total of 13.04 hours expended in this matter to-date.[1] Plaintiff respectfully requests leave to submit a supplemental fee request for work performed in connection with this application for default judgment subsequent to its filing (*see* Ex. 3).

29. Plaintiff also requests reimbursement of costs incurred in filing and serving the Complaint, in the total amount of $689.90 (*see* Ex. 3).

**IV. CONCLUSION**

30. In light of the foregoing, Plaintiff respectfully request that the Court issue an order granting Plaintiff a default judgment against Defendant and award damages, fees, and costs as follows:

|  |  |
|---:|---|
| Damages | $42,401.98 |
| Attorneys' Fees and Costs | $5,603.95 |
| **TOTAL** | **$48,005.93** |

---

[1] Our Firm's customary billing rates for clients who engage our services on an hourly billable basis range from $450 to $550 per hour for attorneys. The Firm's clients regularly accept and pay the Firm's hourly rates, which are also consistent with rates that we have previously been awarded in this district. *See Syrnik v. Polones Const. Corp.*, 11-cv-7754 (KBF), 2012 WL 4122801, at *2 (S.D.N.Y. Sept. 19, 2012) (6 years ago, awarding $450/hr as reasonable rate for Mr. Graff). These rates are a reflection of our more than 12 years of experience focused on litigating employment-related claims, respectively, as well as our backgrounds and record of successful outcomes for our clients (*see generally* http://filosagraff.com/ari-y-graff/ ; http://filosagraff.com/gregory-filosa/).

For purposes of this motion for default judgment, however, we have unilaterally reduced our requested rate to $350 per hour. We have also eliminated additional hours that were expended in this case (beyond the 13.04 hours for which a fee award is requested). These reductions are proposed for purposes of this application for default judgment only, and are without prejudice to Plaintiff's ability to seek recovery at higher rates and for a greater number of hours in the event that Defendant ultimately appears and this litigation continues on its merits.

Dated: July 31, 2018
     New York, NY

Respectfully submitted,

By: _____/s/ Ariel Graff_____
Ariel Y. Graff (AG-8039)
FILOSA GRAFF LLP
111 John Street, Suite 2510
New York, NY 10038
Tel.: (212) 256-1780
Fax.: (212) 256-1781
agraff@filosagraff.com